IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RONALD ROBINSON,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>RWLS, LLC D/B/A RENEGADE SERVICES,<br>MATTHEW GRAY AND RANDY CASSADY<br><br>*Defendants* | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Ronald Robinson brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Potential Class Members") who worked for RWLS d/b/a Renegade Services, Matthew Gray and Randy Cassady (collectively the "Defendants") and were paid a fixed salary plus job bonuses/day rates but no overtime during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1   This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2   Plaintiff and the Potential Class Members are those persons who worked for Defendants within the last three years and were paid a fixed salary plus a non-discretionary job bonus/day rate for all hours worked in the field, but did not receive overtime for all hours worked over forty (40) in each workweek.

1.3     The FLSA requires that all forms of compensation—including the non-discretionary job bonuses/day rates paid to Plaintiff and the Potential Class Members—be included in the calculation of the regular rate of pay for overtime purposes.

1.4     Plaintiff and the Potential Class Members routinely work (and worked) in excess of 40 hours per workweek.

1.5     Plaintiff and the Potential Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

1.6     The decision by Defendants not to pay overtime compensation to Plaintiff and the Potential Class Members was neither reasonable nor in good faith.

1.7     Defendants knowingly and deliberately failed to compensate Plaintiff and the Potential Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Potential Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Potential Class Members performed technical and manual labor type job duties in the oilfield.

1.9     Plaintiff and the Potential Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiff also prays that all similarly situated workers (Potential Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

## II.
## THE PARTIES

2.1     Plaintiff Ronald Robinson is an individual who resides in Gainesville, Cooke County, Texas. Plaintiff Robinson worked for Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Robinson did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2     The Potential Class Members are those current and former employees who worked for Defendants in the past three years and have been subjected to the same illegal pay system under which Plaintiff Robinson worked and was paid.

2.3     RWLS, LLC d/b/a Renegade Services ("RWLS") is a Texas limited liability company and may be served through its registered agent for service of process: Matthew Gray, 1937 West Avenue, Levelland, Texas 79336.

2.4     Matthew Gray ("Gray") is an employer as defined by 29 U.S.C. § 203(d) and, along with RWLS, employed or jointly employed Plaintiff and the Potential Class Members. Moore may be served at 14 Crockett Circle, Levelland, Texas 79336, or wherever he may be found.

2.5     Randy Cassady ("Cassady") is an employer as defined by 29 U.S.C. § 203(d) and, along with RWLS, employed or jointly employed Plaintiff and the Potential Class Members. Moore may be served at 17101 La Cantera Parkway, Apartment 12117, San Antonio, Texas 78256, or wherever he may be found.

2.6     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over RWLS and Plaintiff and the Potential Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the

---

[2] The written consent of Ronald Robinson is attached hereto as Exhibit "A".

applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District.

3.3     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Defendant Cassady resides in San Antonio, Bexar County, Texas, which is in this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises

have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4    During the respective periods of Plaintiff and the Potential Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

4.5    In performing the operations hereinabove described, Plaintiff and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6    Specifically, Plaintiff and the Potential Class Members are (or were) **_non-exempt_** employees who worked for Defendants and were engaged in oilfield services that were directly essential to the production of goods for Defendants and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7    At all times hereinafter mentioned, Plaintiff and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8    The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees who worked for RWLS, LLC d/b/a Renegade Services, Matthew Gray and/or Randy Cassady, at any time from February 25, 2013 to the present, and were paid a salary plus job bonus/day rate but did not receive overtime."

4.9    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## V.
## FACTS

5.1     RWLS is an oilfield wireline service company servicing the oil and gas industry in the State of Texas and throughout the United States.[3]

5.2     To provide their services, Defendants employed numerous workers – all of these individuals make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield.

5.3     Plaintiff Robinson worked for Defendants as a Rigger and Pressure Control Operator from approximately December 2013 through October 2014.

5.4     Plaintiff and the Potential Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites in the State of Texas and throughout the United States.

5.5     Upon information and belief, Plaintiff and the Potential Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendants and/or their clients.

5.6     Upon further information and belief, Plaintiff and the Potential Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients. Virtually every job function was pre-determined by Defendants, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff and the Potential Class Members were prohibited from varying their job duties outside of the predetermined parameters. Moreover, Plaintiff and the Potential Class Members' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

---

[3] http://renegadewls.com/?cat=3.

5.7     Indeed, Plaintiff and the Potential Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

5.8     Plaintiff and the Potential Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.9     Plaintiff and the Potential Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

5.10    Moreover, Plaintiff and the Potential Class Members did not (and currently do not) supervise two or more employees.

5.11    Plaintiff and the Potential Class Members worked (and continue to work) long hours. Specifically, Defendants regularly scheduled Plaintiff and the Potential Class Members for a minimum of twelve (12) hours per day and they regularly worked a minimum of 84 hours per week.

5.12    Plaintiff and the Potential Class Members also received job bonuses/day rates in addition to their regular base pay (fixed salaries).

5.13    Upon information and belief, the non-discretionary bonuses/day rates paid to Plaintiff and the Potential Class Members were meant to encourage and motivate Plaintiff and the Potential Class Members to work harder and to reward them for their hard work.

5.14    Upon information and belief, the non-discretionary bonuses/day rates were based upon a pre-determined formula established by Defendants. Moreover, specific criteria had to be met in order to receive the job bonuses/day rates.

5.15    When Plaintiff and the Potential Class Members met the criteria, they were entitled to receive the job bonuses/day rates.

5.16    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay. Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

5.17    Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses/day rates (and any other non-discretionary compensation) should have been included in Plaintiff and the Potential Class Members' regular rates of pay before any and all overtime multipliers were applied.

5.18    Defendants denied Plaintiff and the Potential Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Potential Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

5.19    Defendants applied this pay practice despite clear and controlling law that states that the manual labor/technical duties which were performed by Plaintiff and the Potential Class Members consisted of **_non-exempt_** work.

5.20    Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA.

# VI.
# CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3     Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4     Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

6.5     Plaintiff and the Potential Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

6.6     The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Potential Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

6.9     Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Potential Class Members are "all current and former employees who worked for RWLS, LLC d/b/a Renegade Services, Matthew Gray and/or Randy Cassady, at any time from February 25, 2013 to the present, and were paid a salary plus a job bonus/day rate but did not receive overtime."

6.11   Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Potential Class Members.

6.12   Thus, Plaintiff's experiences are typical of the experiences of the Potential Class Members.

6.13   The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

6.14   All of the Potential Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15   Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Potential Class Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

6.16   Defendants employed a substantial number of workers during the past three years. Upon information and belief, these workers are geographically dispersed, residing and working in states across the country. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

6.17   Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

6.18   Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19 Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR RWLS, LLC D/B/A RENEGADE SERVICES, MATTHEW GRAY AND/OR RANDY CASSADY, AT ANY TIME FROM FEBRUARY 25, 2013 THROUGH THE PRESENT, AND WERE PAID A SALARY PLUS A JOB BONUS/DAY RATE BUT DID NOT RECEIVE OVERTIME.**

## VII.
## RELIEF SOUGHT

7.1 Plaintiff respectfully prays for judgment against Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  h. For an Order awarding Plaintiff a service award as permitted by law;

  i. For an Order compelling the accounting of the books and records of Defendants; and

  j. For an Order granting such other and further relief as may be necessary and appropriate.

      Respectfully submitted,

  By: /s/ *Clif Alexander*
    **Clif Alexander**
    Texas Bar No. 24064805
    calexander@phippsandersondeacon.com
    **PHIPPS ANDERSON DEACON LLP**
    819 N. Upper Broadway
    Corpus Christi, Texas 78401
    Telephone: (361) 452-1279
    Facsimile: (361) 452-1284

    **ATTORNEYS IN CHARGE FOR PLAINTIFF AND POTENTIAL CLASS MEMBERS**